**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

MICHAEL MASEK,                           )
                                         )
                 Plaintiff,              )
                                         )
        v.                               )        No. 4:17-CV-660 NCC
                                         )
ANTONIA CHASTAIN,                        )
                                         )
                 Defendant.              )

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983.  The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is civilly detained in the Southeast Missouri Mental Health Center in Farmington, Missouri ("SMMHC"). He was formerly detained in the St. Louis Psychiatric Rehabilitation Center ("SLPRC"). At the time relevant to the complaint, defendants Antonia Chastain, Blake Schneider, Lisa Ellis, and Felix Vincenz worked at SLPRC, while defendant Praveen Nimmagadda worked at SMMHC. Plaintiff has been detained in Missouri Department of Health facilities for the past twenty-six years.

In June 2016, plaintiff and a female detainee were caught trading pornographic photos of each other. Plaintiff maintains that he was trying to help her because she suffered sexual abuse. He devotes several pages of the complaint to describing how other detainees emotionally abused her because she was not highly functioning.

Because of this incident, plaintiff was strip searched, forced to wear paper scrubs for three days, and put in a more restrictive housing unit. He was confined in the unit for thirty-five days. He claims Chastain did not allow him to make telephone calls to his family or to have a Bible during that time.

On July 20, 2016, Schneider told plaintiff he was going to be transferred to SMMHC. Plaintiff told Schneider he would rather stay in the restrictive housing unit.

Upon his transfer, Schneider and Chastain retained some of plaintiff's hard drives and an e-reader. He says the materials have a monetary value of nearly ten thousand dollars. He also lost five years' worth of research pertaining to his last name as it appeared in some versions of the Bible but not others, which was contained on the hard drives.

Plaintiff claims he wanted to file a police report when his friend took most of his belongings. He says someone on staff denied the request, but he does not say it was one of the named defendants. He also fears he will suffer future retaliation.

Finally, plaintiff claims he was given harsher punishment than a sex offender who sexually assaulted a fellow committee.

## Discussion

The majority of the allegations are trivial and do not rise to the level of a constitutional violation. However, the Court finds that plaintiff's claims against Chastain for denial of telephone calls and of religious materials state a plausible claim under the First and Fourteenth Amendments. As a result, the Court will order the Clerk to serve process on Chastain in her individual capacity.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Plaintiff's claim that Schneider told him he was being transferred does not state a claim under federal law. He does not allege that Schneider was responsible for the transfer or that retaliation was the motivating factor for it.

Plaintiff's claim that Schneider and Chastain took his hard drives and e-reader is not actionable in § 1983 proceedings. *Clark v. Kansas City Missouri School Dist.*, 375 F.3d 698, 703 (8th Cir. 2004) (no due process violation for property deprivation cognizable under § 1983 because Missouri provides adequate postdeprivation remedy of replevin).

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the instant action, plaintiff has not set forth any facts indicating that defendants Ellis, Vincenz, or Nimmagadda were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, these defendants must be dismissed.

Finally, to the extent that plaintiff is attempting to make an equal protection claim, the claims fails. A plaintiff must "allege and prove something more than different treatment by government officials" to state an equal protection claim. *Batra v. Bd. of Regents of Univ. of Nebraska*, 79 F.3d 717, 721 (8th Cir. 1996). "[T]he key requirement is that plaintiff allege and prove unlawful, purposeful discrimination." *Id.* at 722; *see Albright v. Oliver*, 975 F.2d 343, 348 (7th Cir.1992) ("you must be singled out because of your membership in the class, and not just be the random victim of governmental incompetence"), *aff'd on other grounds*, 510 U.S. 266 (1994). Plaintiff has not alleged that he was singled out because of his membership in a class. So, this claim is dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve defendant Antonia Chastain with process, in accordance with the Court's agreement with the Missouri Department of Mental Health.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend [ECF No. 6] is **GRANTED**. The Clerk is directed to update the docket sheet to reflect that Blake Snyder is actually Blake Schneider.

**IT IS FURTHER ORDERED** that defendants Blake Schneider, Lisa Ellis, Felix Vincenz, and Praveen Nimmagadda are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

An Order of Partial Dismissal will be filed separately.

Dated this 7th day of March, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE