UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL D. MASEK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:17-CV-660 CAS |
| v. ) | |
| ) | |
| ANTONIA CHASTAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following transfer to the undersigned Judge.

**Background**

Plaintiff, pro se, filed his original complaint on February 10, 2017. The Court summarized the allegations of the complaint in its Memorandum and Order dated March 7, 2017. See Doc. 8. That Memorandum and Order, signed by Judge Catherine D. Perry, dismissed without prejudice the following defendants: Blake Schneider, Lisa Ellis, Felix Vincenz, and Praveen Nimmagadda. The only remaining defendant in the case is defendant Antonia Chastain, who has been sued in her individual capacity, for denial of telephone calls and of religious materials under the First and Fourteenth Amendments.

Since the issuance of the March 7, 2017 Memorandum and Order, plaintiff has filed two supplements to his original complaint (Docs. 13 and 14) and two letters to the Court (Docs. 17 and 18). In his first supplement to the complaint, filed March 13, 2017, plaintiff attempts to bring a new claim for denial of medical care against additional defendants. Plaintiff also states that he will be drafting another complaint "at a later date." On March 23, 2017, plaintiff filed another supplement

to his complaint, in which he alleges additional denials of medical care by the staff at Southeast Missouri Mental Health Center.

On April 6, 2017, the Clerk of Court received two additional letters from plaintiff questioning why Judge Perry had signed the Memorandum and Order of March 7, 2017, and alleging bias against the Court.

The Attorney General of Missouri entered its appearance on behalf of defendant Antonia Chastain on March 24, 2017. Defendant has not filed her answer, and the time for doing so has not passed.

**Discussion**

The Court does not permit pleadings to be amended by interlineation or piecemeal, because such amendments tend to cause confusion for the Court and other parties. Since the filing of his initial complaint, plaintiff has tried to advance additional claims against additional defendants bit by bit, through letters to the Clerk, which have been docketed as supplements to the complaint. The Court will disregard plaintiff's supplements to his complaints: Docs. 13, 14, 17, and 18. The operative complaint was filed February 10, 2017. Pursuant to the Memorandum and Order issued on March 7, 2017, all plaintiff's claims in the operative complaint have been dismissed except those brought against defendant Antonia Chastain in her individual capacity.

Because plaintiff is proceeding pro se, the Court will allow plaintiff to file an amended complaint on a Court form. Plaintiff shall have thirty days from the date of this Order to file an amended complaint in accordance with the specific instructions set forth herein. All claims in an action must be included in one, centralized complaint form, as neither the court nor defendant wishes to search through supplemental and prior pleadings in order to piece together plaintiff's claims. As

such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, and so he must include each and every one of the claims he wishes to pursue in the amended complaint. See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. Id. If plaintiff wishes to sue a defendant in their individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in their individual capacity, this action may be subject to dismissal. All of plaintiff's claims should be clearly set forth in the "Statement of Claim." Plaintiff shall not attempt to replead the claims that the Court has previously dismissed against defendants Schneider, Ellis, Vincenz, or Nimmagadda.

If plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, this case will proceed on the original complaint against defendant Antonia Chastain for denial of telephone calls and of religious materials under the First and Fourteenth Amendments.

**IT IS HEREBY ORDERED** that plaintiff shall have thirty days from the date of this Order to file an amended complaint on a Court form in accordance with the specific instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward to plaintiff a Court form for a Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on a Court form within thirty days in accordance with the Court's instructions, the case will proceed only on

the original complaint against defendant Antonia Chastain for denial of telephone calls and of religious materials under the First and Fourteenth Amendments.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 13th day of April, 2017.